# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSEPH BAUER, <br><br>     Plaintiff, <br><br> vs. <br><br> HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, <br><br>     Defendant. | Case No.: _____ <br><br><br><br> **DEFENDANT HOME DEPOT USA, INC.'S NOTICE OF REMOVAL** |

Defendant Home Depot U.S.A., Inc. d/b/a The Home Depot ("Home Depot"), pursuant to 28 U.S.C. section 1441 *et seq.*, files this notice of removal, and in support states as follows:

Plaintiff Joseph Bauer commenced a civil action captioned *Joseph Bauer, Plaintiff, v. Home Depot U.S.A., Inc. d/b/a The Home Depot, Defendant,* Case No. 2216-CV24331(the "State Court Action"), in the Circuit Court of Jackson County, Missouri on October 25, 2022. Plaintiff's "First Amended Petition" was filed on October 31, 2022. Plaintiff effected service of process on Home Depot through Home Depot's registered agent on November 14, 2022. A copy of Plaintiff's Petition, Summons, Amended Petition, Return of Service, Notice of Case Management Conference, and Designation of Lead Counsel for Plaintiff are attached to this Notice and constitute all process, pleadings, and orders filed in the State Court Action.

In the State Court Action, as set forth in the Petition, Plaintiff claims that he sustained injuries on or about January 17, 2022 at the Home Depot retail store located at 4210 S. Lee's Summit Road, Independence, Missouri when he slipped and fell on ice. Plaintiff seeks compensation for his injuries and damages.

1

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

a. **Diversity Jurisdiction (§ 1332):**

1. **Complete diversity exists**.

The following statements were true on <u>both</u> the date that Plaintiff filed his Petition (October 25, 2022) and the date that Home Depot filed its notice of removal (December 9, 2022):

i. Plaintiff Joseph Bauer was a citizen of the State of Ohio;

(Plaintiff's Amended Petition, Paragraph 1);

ii. Defendant Home Depot is incorporated in the State of Delaware,

with its principal place of business in the State of Georgia.

(Plaintiff's Amended Petition, Paragraph 2) .

2. **The amount in controversy exceeds $75,000.00**.

Based on the content of Plaintiff's Amended Petition, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's Amended Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00). In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809,

2

815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity").

Plaintiff claims that he suffered "serious, painful, and permanent injuries, including fractures to his femur, ankle, and injury and pain radiating into his back and knee" (Plaintiff's Amended Petition, Paragraph 31). Upon information and belief, Plaintiff has had at least three (3) surgeries since the Home Depot incident related to his alleged injuries. Further, Plaintiff claims that he "has suffered, and will continue to suffer, pain, anguish, trauma, and discomfort" related to the incident (Plaintiff's Amended Petition, Paragraph 32). Finally, Plaintiff has made a pre-suit settlement demand of over ten times the requisite amount in controversy and has threatened to seek even greater damages in the lawsuit. As a result of the foregoing, the amount in controversy is easily established in this case.

WHEREFORE, Defendant, Home Depot U.S.A., Inc. d/b/a The Home Depot hereby removes the State Court Action pending as Case No. 2216-CV24331 in the Jackson County Circuit Court, State of Missouri, to this Honorable Court.

MORROW WILLNAUER CHURCH LLC

By      */s/ James C. Morrow*
James C. Morrow, #32658
Hillary Hyde, #67430
8330 Ward Parkway, Suite 300
Kansas City, Missouri  64114
Phone: (816) 832-1382
Fax: (816) 382-1383
E-mail:  jmorrow@mwcattorneys.com
           hhyde@mwcattorneys.com

LEDERER WESTON CRAIG PLC

Benjamin M. Weston (*pro hac vice* forthcoming)
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Phone:  (515) 224-3911
Fax:   (515) 224-2698
E-mail:   bweston@lwclawyers.com

ATTORNEYS FOR DEFENDANT HOME DEPOT USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the U.S. District Court for the Western District of Missouri, using the ECF system which will send notification of such filing to the following:

Ryan M. Campbell
Alexander A. Wolff
MORGAN & MORGAN, PA
200 N. Broadway, Suite 720
St. Louis, MO  63102
E-mail:  ryancampbell@forthpeople.com

ATTORNEYS FOR PLAINTIFF

4

I certify under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of December, 2022.

                                          */s/ James C. Morrow*
                                          ATTORNEY FOR DEFENDANT
                                          HOME DEPOT U.S.A., INC.